UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT PIERRE SMITH, | Case No. 2:19-09174 SVW (ADS) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION |
| KELESHA L. GAULDING, et al., | |
| Defendants. | |

I.  **INTRODUCTION**

Before the Court is a petition seeking an injunction that would require an unidentified, nonparty librarian to allow Plaintiff Lamont P. Smith ("Plaintiff") access to the prison's law library.  (Dkt. No. 43, Pet.)  The Court construes Plaintiff's petition as a motion for preliminary injunction ("Motion").  (Dkt. No. 43.)  Having reviewed Plaintiff's arguments, the relevant legal authority, and the record in this case, the Court denies Plaintiff's Motion.

## II. BACKGROUND

### A. Second Amended Complaint

The SAC is not a model of clarity, but the Court summarizes the allegations as it best understands them. Plaintiff, a state prisoner, filed this *pro se* civil rights lawsuit against five defendants: (1) Jessica Black, a counselor at Lancaster State Prison; (2) D. Hong, a counselor at Chino State Prison; (3) G. Alcantar, a counselor at Kern Valley State Prison; (4) ISU Officer R. Gomez; and Correctional Lieutenant S. Rivera. (Dkt. No. 11, Second Amended Civil Rights Complaint ("SAC") at 2-4.)[1] Plaintiff appears to raise a Fourteenth Amendment due process claim pursuant to 42 U.S.C. § 1983 and a state law false imprisonment claim against these defendants. (*See id.* at 5.) Plaintiff also seeks injunctive relief, among other things, to remove his "180" housing designation and to return it to a "270." (*Id.* at 6.)

### B. Motion for a Preliminary Injunction

Plaintiff moves the Court for a preliminary injunction that would require an unidentified, nonparty librarian to give him access to the prison's law library. (*See* Pet.) The Motion states Plaintiff has been granted primary usage to the law library. (*Id.*) According to the Motion, the librarian is not honoring this commitment and is not allowing Plaintiff to use the law library. (*Id.*) Consequently, Plaintiff cannot properly acquaint himself with the "Federal Rules." (*Id.*) Without a preliminary injunction, the Motion states Plaintiff will not be given access to the law library until January 2022. (*Id.*)

---

[1] All page citations refer to CM/ECF pagination.

## III. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Such a showing requires that the plaintiff establish he "is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Moreover, as a threshold matter, a plaintiff must show that there is "a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 637 (9th Cir. 2015). This relationship is sufficiently strong if the temporary relief sought "would grant 'relief of the same character as that which may be granted finally.'" *Id.* at 636 (quoting *De Beers Consol. Mines*, 325 U.S. at 220). While new allegations of misconduct may support additional claims against a defendant, "they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." *Id.* Absent this relationship or nexus, the Court "lacks authority to grant the relief requested." *Id.*

## IV. ANALYSIS

As an initial matter, it is necessary to determine whether the relief Plaintiff seeks in his motion has "a relationship or nexus to the underlying complaint." *Id.* at 637. As noted above, in the SAC, Plaintiff seeks injunctive relief that would remove his "180" housing designation and return it to a "270." By stark contrast, the Motion seeks a preliminary injunction to allow him access to the law library. The relief sought in the Motion bears no relation to the injunctive relief sought in the SAC. Moreover, the

librarian's alleged misconduct bears no relationship to the conduct asserted in the SAC, which relates to the officers' and counselors' conduct.  Finally, the Court has no jurisdiction over the librarian who is not a party in this case.  *See also Felde v. Wilkins*, No. 1:19-cv-000339-HBK (PC), 2021 WL 1050680, at *3 (E.D. Cal. Mar. 19, 2021) (denying request for a preliminary injunction over nonparty prison library staff).  While the Court acknowledges the complications Plaintiff faces as a result of being incarcerated, the Court lacks authority to grant the preliminary injunction because it has no relationship or nexus to the claims or remedies sought in the SAC.  *See Pac. Radiation Oncology*, 810 F.3d at 636-37; *see also Quezada v. McDowell*, No. ED CF 15-00613-VBF-KS, 2017 WL 11630640 (C.D. Cal. July 18, 2017) (denying request for a preliminary injunction to access prison law library).

## V. CONCLUSION

For these reasons, the Court denies Plaintiff's Motion.  (Dkt. No. 43.)

**IT IS SO ORDERED**.

Dated:  December 16, 2021

_____
THE HONORABLE STEPHEN V. WILSON
United States District Judge

Presented by:

    /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge